ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CARLOS LUIS VARGAS SANTIAGO, Recurrida, v. TOCARS, INC., Peticionaria. | TA2025CE00235 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón. Civil núm.: BY2025CV02396. Sobre: despido injustificado (Ley Núm. 80); procedimiento sumario. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 19 de agosto de 2025.

Este foro apelativo es plenamente consciente de la trayectoria que ha seguido el Tribunal Supremo de Puerto Rico en su análisis riguroso de los pleitos laborales instados al amparo de la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, conocida como la *Ley de procedimiento sumario de reclamaciones laborales*, 32 LPRA sec. 3118-3133. En particular, que la revisión de las resoluciones interlocutorias emitidas por el foro primario debe ser desalentada, pues constituye un mecanismo que atenta contra la naturaleza expedita del proceso sumario[1].

A la luz de ese mandato, hemos evaluado con detenimiento la determinación del Tribunal de Primera Instancia[2], el recurso de *certiorari*

---

[1] Véase, *Dávila, Rivera v. Antilles Shipping, Inc.*, 143 DPR 483, 496 (1999); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 733 (2016).

[2] En síntesis, el foro primario emitió una *Resolución* el 21 de julio de 2025, notificada al día siguiente, mediante la cual declaró sin lugar la *Moción de desestimación parcial* presentada por Tocars, LLC., el 20 de junio de 2025, al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, por falta de una reclamación que justifique la concesión de un remedio. En su solicitud de desestimación, Tocars arguyó que la querella presentada por el señor Carlos Luis Vargas Santiago carecía de una causa de acción por acoso laboral debido a que, presuntamente, dicha causa estaba prescrita. En cuanto a ello, el Tribunal de Primera Instancia concluyó que las alegaciones ameritaban que el señor Carlos Vargas Santiago tuviera su día en corte y pudiera presentar prueba. Sostuvo que, de ese modo, el tribunal estaría en posición de determinar si la causa de acción por acoso laboral se configuraba o si estaba prescrita, y si la parte aquí recurrida podía sustentar sus restantes causas de acción; en particular, la relacionada con las presuntas represalias.

presentado el 1 de agosto de 2025, y su apéndice, y, prescindiendo de la comparecencia de la parte recurrida[3], este Tribunal concluye que la controversia traída a nuestra atención no configura ninguna de las excepciones que nos permitiría intervenir en el proceso sumario laboral que se lleva a cabo ante el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Así pues, **denegamos la expedición** del auto de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *In re aprobación de Enmiendas al Reglamento del Tribunal de Apelaciones*, Resolución ER-01, 2025 TSPR 42, 215 DPR ___ (2025).